

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 22, 2022

**BY ECF AND EMAIL**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *United States of America v. Julio Marquez-Alejandro and Luis Blondet*,
            16 Cr. 387 (JMF)

Dear Judge Furman:

    The Government respectfully requests that the Court permit the admission of Government Exhibits 210-0, 210-P and 210-Q, over defendant Blondet's objection.

    Government Exhibits 210-O, 210-P and 210-Q are three photographs depicting gunshot wounds on Crystal Martinez-Ramirez's shoulder and head. These photographs are relevant and highly probative. They reflect the cause of death for a victim of a charged murder and corroborate two Government witnesses—an eyewitness to the murder and a medical examiner. This corroboration is particularly important in light of defendant Blondet's opening remark challenging the way the eyewitness's testimony squares with the forensic evidence. (See Tr. at 87 ("I submit to you that after you hear that witness' testimony and the cross-examination of that witness and all of the forensic evidence that will relate to that homicide, you will not be able to credit that witness' testimony").

    The mere fact that the photographs involve the condition of a murdered body (in a murder trial) cannot support the conclusion that the evidence is unduly or unfairly prejudicial under Rule 403. "Probative evidence is not inadmissible solely because it has a tendency to upset or disturb the trier of fact." *United States v. Salamah*, 152 F. 3d 88, 122-23 (2d Cir. 1998). For this reason, courts frequently admit photographs of murder victims—even gruesome ones—and the Second Circuit has repeatedly upheld those decisions. *See United States v. Osborne*, 739 F. App'x 11, 18 (2d Cir. 2018) (holding "crime scene and autopsy photos were plainly relevant," and "[t]he fact that the photos might have been graphic does not render them unfairly prejudicial under Rule 403"); *United States v. Francisco*, 642 F. App'x 40, 44-45 (2d Cir. 2016) (no error when district court admitted photographs of murder victims' restrained and burned extremities); *United States v. Velazquez*, 246 F.3d 204, 210-11 (2d Cir. 2001) (no abuse of discretion to admit autopsy photos showing extensive bruising even when defendant was willing to stipulate that beating occurred); *Salameh*, 152 F.3d at 122 (rejecting Rule 403 argument based on admission of "graphic"

Hon. Jesse M. Furman  
March 22, 2022 Page 2 of 2

photographs of corpses in World Trade Center bombing prosecution); *see also United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) (rejecting Rule 403 argument based on admission of child pornography photos even when defendant was willing to stipulate on the issue).

    Accordingly, the Government respectfully requests that that Court permit the admission of Government Exhibits 210-O, 210-P and 210-Q into evidence.

Respectfully submitted,

DAMIAN WILLIAMS  
United States Attorney

By:    /s/_____  
Jamie E. Bagliebter  
Peter J. Davis  
Jacob R. Fiddelman  
Justin V. Rodriguez  
Assistant United States Attorneys  
Southern District of New York  
Tel: (212) 637-2591