UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 

UNITED STATES OF AMERICA

                                     :       PRELIMINARY ORDER OF

- v. -                              FORFEITURE/

                                     :       <u>MONEY JUDGMENT</u>

LUIS BLONDET,

      a/k/a "Cabezon,"                :       16 Cr. 387 (JMF)

                 Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about June 3, 2016, LUIS BLONDET, a/k/a "Cabezon" (the "Defendant"), and another, was charged in a one-count Indictment, 16 Cr. 387 (JMF) (the "Indictment"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of  the offense charged in Count One of the Indictment;

WHEREAS, on or about January 19, 2017, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money in

United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about June 22, 2021, the Defendant was charged in three counts of a thirteen-count Superseding Indictment, S13 16 Cr. 387 (JMF) (the "Superseding Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); murder, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2 (Count Two); and use of a firearm during a murder, in violation of Title 18, United States Code, Sections 924(j)(1) and 2 (Count Three);

WHEREAS, the Superseding Indictment included a forfeiture allegation as to Count One of the Superseding Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of:

a.     any interest acquired or maintained as a result of the offense charged in Count One;

b.     any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of as a result of the offense charged in Count One of the Superseding Indictment; and

c.     any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity as alleged in Count One of the Superseding Indictment;

including, but not limited to a sum that represents the gross proceeds received by the Defendant pursuant to his racketeering activities as charged in Count One of the Superseding Indictment

during the relevant time period charged in the Superseding Indictment and all interests and proceeds traceable thereto;

WHEREAS, on or about April 7, 2022, the Defendant was found guilty, following a jury trial, of Counts One of the Superseding Indictment;

WHEREAS, the Government asserts that $212,000 in United States currency represents the proceeds traceable to the commission of the offenses charged in Count One of the Indictment that the Defendant personally obtained, and Count One of the Superseding Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $212,000 in United States currency, pursuant to Title 18, United States Code, Section 1963 and Title 21, United States Code, Section 853, representing the proceeds traceable to the offenses charged in Count One of the Indictment that the Defendant personally obtained, and Count One of the Superseding Indictment that the Defendant personally obtained; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Count One of the Indictment and Count One of the Superseding Indictment, that the Defendant personally obtained, cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offenses charged in Count One of the Indictment, to which the Defendant pled guilty, and Count One of the Superseding Indictment, to which the Defendant was found guilty following a jury trial, a money judgment in the amount of $212,000 in United States currency (the "Money Judgment"), representing the proceeds traceable to the offenses charged in Count One of the Indictment that the Defendant personally obtained, and Count One of

the Superseding Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant LUIS BLONDET, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.     The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
       January 31 2023

SO ORDERED:

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE